Michael S. Sorgen (SBN 43107)
LAW OFFICES OF MICHAEL S. SORGEN
msorgen@sorgen.net
Richard A. Hoyer (SBN 151931)
HOYER & ASSOCIATES
rhoyer@hoyerlaw.com
240 Stockton Street, Ninth Floor
San Francisco, CA 94108
Telephone: (415) 956-1360
Fax: (415) 956-6342, (415) 276-1738
Attorneys for Petitioners

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS OKECHUKWU; and BILLY E. WYBLE, JR., *on behalf of all persons similarly situated*<br><br>Petitioners,<br><br>vs.<br><br>DEM ENTERPRISES, INC., a California Corporation, doing business as ABC CHAUFFERED LIMOUSINES,<br><br>Respondent. | CASE NO.  3:12-cv-03654-JSW<br><br>PETITIONERS' REPLY SUPPORTING MOTION TO COMPEL ARBITRATION<br><br>Hearing Date:  October 5, 2012<br><br>Time:  9:00 a.m.<br><br>Hon. Jeffrey S. White |

Petitioners respectfully submit this Reply to Respondent's Opposition to Petitioners' Motion to (1) Compel Arbitration; and (2) Appoint a Neutral Arbitrator.

I. INTRODUCTION

Petitioners filed their Motion to Compel Arbitration on July 12, 2012.[1]  On August 3, 2012, Respondent then filed its Opposition to the Motion to Compel ("Opposition").[2]  While this Opposition detailed several state rulings, it did nothing to address the more pertinent and applicable Northern

---

[1] In accordance with Local Rule 7, the hearing date and time is properly noted on this Reply.  It was left off of the initial filing due to scheduling questions in regard to the then-pending Notice of Related Case which was filed at the same time.

[2] Per the Federal Rules of Civil Procedure, Rule 12, Respondent had 21 days to answer Petitioners' motion, until August 2, 2012.  However, Respondent's Opposition was untimely filed on August 3, 2012 and no stipulation was requested.

District of California rulings Petitioners had cited. As this matter is before the Federal District Court, the federal rulings clearly take precedence and Petitioner will highlight them again.

## II. THE PARTIES' ARBITRATION AGREEMENT DOES NOT DISALLOW CLASS ARBITRATION

Respondent asserts that the parties' arbitration agreement "clearly disallows" class arbitration (Opposition, 1:27), but then quotes the language of the arbitration agreement which proves otherwise:

> I agree to settle all employment disputes through arbitration after all avenues of in-house resolution have failed, including but not limited to, claims for discrimination due to age, race, sex, or discrimination on any other basis, sexual harassment, wrongful termination, breach of contract, defamation, emotional distress, wages, tips and all other conditions related to my employment. (Opposition, 2:11-14).

Nowhere in the text of the agreement does the language specifically disallow class arbitration, nor preclude employees from bringing "all" of their "employment disputes" as a collective. Petitioners believed at the time of signing, and further discovery will show, that the agreement did not preclude class arbitration. Contrary to Respondent's assertion, Petitioners need not have provided extensive evidence supporting their beliefs at this early stage in the proceeding. The intent of the parties to the arbitration contract is for the arbitrator to decide.

Respondent relies on *Kinecta Alternative Solutions, Inc. v. Malone,* 205 Cal. App. 4th 506 (2012), and *Nelson v. Legacy Partners Residential Inc.,* 2012 Cal. App. LEXIS 821 (July 18, 2012, for the idea that silence in the arbitration agreement constitutes a "completely obvious" "preclusion of class wide arbitration", however, such reliance is misplaced. (Opposition, 8:21). As Petitioners previously established, both Judge Illston and Judge Koh have determined in addressing the Supreme Court's ruling in *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S.Ct. 1758 (2010), that silence in an agreement as to class arbitration is not dispositive of the parties having reached any agreement on the issue of class arbitration. *Vazquez v. Servicemaster Global Holding Inc.*, 2011 WL 2565574 (N.D.Cal.), at *3, ("The Supreme Court has never held that a class arbitration clause must explicitly mention that the parties agree to class arbitration…the

failure to mention class arbitration in the arbitration clause itself does not necessarily equate with the "silence" discussed in *Stolt-Nielsen*.") (some internal citations omitted); *Yahoo! Inc. v. Iversen*, 2011 WL 4802840 (N.D.Cal), at *3, ("…the Supreme Court explained that it used the term 'silent' in the sense that the parties had not reached any agreement on the issue of class arbitration…not simply…that the clause made no express reference to class arbitration…") (internal quotations omitted).

Other federal circuits have reached the same conclusion in interpreting *Stolt-Nielsen* as well. In *Jock v. Sterling Jewelers, Inc.*, 646 F.3d 113 (2nd Cir. 2011), <u>cert. denied</u>, 132 S.Ct. 1742 (2012), the Second Circuit held an arbitration agreement silent as to class arbitration was correctly given to an arbitrator to decide and upheld the award of the arbitrator to the class. The Supreme Court ruling in *Stolt-Nielsen* "did not create a bright-line rule requiring that arbitration agreements can only be construed to permit class arbitration where they contain express provisions permitting class arbitration." *Id.,* at 124. The Third Circuit ruled accordingly in *Sutter v. Oxford Health Plans LLC,* 675 F.3d 215 (3d Cir.2012): " *Stolt–Nielsen* did not establish a bright line rule that class arbitration is allowed only under an arbitration agreement that incants 'class arbitration' or otherwise expressly provides for aggregate procedures."

Likewise, in *Southern Communications Services Inc. v. Thomas*, 829 F.Supp 2d 1324, 1337 (N.D.Ga. 2011), a Court in the Eleventh Circuit found that, "To adopt [petitioner's] theory that an arbitrator should automatically assume the parties intended to preclude class arbitration any time class proceedings are not explicitly authorized in writing would require the Court to ignore the arbitrator's duty to apply a rule of law governing contract interpretation to determine the parties' intent." And in the First Circuit, a Court ruled that *Stolt-Nielsen* did not preclude an arbitrator from deciding the issue of class arbitration: "[Petitioner] contends that *Stolt–Nielsen* prevents the claim from proceeding in arbitration. The Court disagrees. In *Stolt–Nielsen,* "the

parties stipulated that there was 'no agreement' on the issue of class-action arbitration." *Id.* at 1776 n. 10, 130 S.Ct. 1758. Here, there was no such stipulation and, thus, the arbitrator was authorized "to decide what contractual basis may support a finding that the parties agreed to authorize class-action arbitration." *Id.*" *Smith & Wollensky Restaurant Group, Inc. v. Passow*, 831 F.Supp.2d 390, 392 (D.Mass. 2011). *See also Fantastic Sams Franchise Corp. v. FSRO Ass'n Ltd.*, 683 F.3d 18 (C.A.1 Mass. 2012) (rejecting party's assertion that pursuant to *Stolt-Nielsen* there must be express contractual language evincing the parties' intent to permit class or collective arbitration).

Thus, under current precedent, silence in the arbitration agreement as to the availability of class arbitration does not preclude an inquiry into the intent of the parties. Rather, silence *invites* an inquiry into the circumstances of the agreement and the subjective belief of the parties. Unlike *Stolt-Nielsen* where both parties stipulated as to the absence of an agreement on class arbitration, here, no such stipulation exists. Hence, a genuine dispute as to the intent of the parties does exists and a decisionmaker is permitted to "look beyond the four corners of the contract where appropriate". *Vazquez*, at *3; *Yahoo*, at *5. In so doing, the decisionmaker may take various precepts of contract interpretation into account, including the sophistication of the respective parties and the tradition of arbitration in the field. In the employment context, the tradition of settling disputes through class-wide arbitration among employees and employers is well established. *See D.R. Horton and Michael Cuda*, 357 NLRB No. 184 (Jan. 3, 2012).

Respondent's reliance upon *Concepcion* as a basis for denying class action arbitrations in this realm is misguided as well. In *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), the Supreme Court addressed the issue of *consumer* contracts, and instances where class actions could quickly grow to represent hundreds of thousands of individuals: "The question in this case is whether ... most collective-arbitration waivers in *consumer* contracts [are] unconscionable."

(emphasis added). But the arbitration agreement at issue here is included in an *employment* contract, and thus has very different implications for enforcing the statutory rights of employees. The aspects of mass consumer contract-based arbitration which concerned the Supreme Court in *Concepcion* - those of speed, cost, informality and risk - cannot be found in an employment dispute of this type. The members of the potential class are easily identifiable, all of the research and preparation necessary for arbitration can be completed at one time, and there is no risk to the employer of later arising actions, as the potential class members represent a discrete group of individuals. Indeed, in this context, a class arbitration (or consolidated action)[3] is the most expeditious, economical and efficient option for achieving resolution of Petitioners' claims.

Therefore, because the agreement does not preclude class arbitration, and because a genuine dispute exists as to the availability of class arbitration, the Court should compel arbitration in line with Petitioners' request.

## III. THE COURT SHOULD APPOINT A NEUTRAL ARBITRATOR

As occurred in both *Vazquez* and *Yahoo*, Petitioners' respectfully request that the Court appoint a neutral arbitrator to decide the issue of class arbitration. The facts and language of the arbitration agreements in both of these Northern District Cases are analogous to the facts and language of the arbitration agreement at issue here.

In *Vazquez*, Judge Illston held that it was for the arbitrator to decide whether employees' claims may be arbitrated as a class. In the arbitration agreement at issue, the individual employee had agreed "to submit to arbitration "[a]ny dispute arising out of [his] employment with Employer, including termination of employment and all statutory claims." " *Vazquez*, at *1. While the agreement in *Vazquez*, like the one at issue here, used a singular personal pronoun to refer to the employee, the

---

[3] Petitioners are willing to submit to the arbitrator the question as to whether a class or consolidated action is most appropriate.

Court determined that the arbitration agreement included no specific language addressing the ability of employees to arbitrate their disputes as a class, nor precluding them from doing so. Pursuant then to the FAA, the Court noted that where the agreement to arbitrate is not in issue, a court must instruct the parties to proceed to arbitrate in accordance with the agreement. *Vazquez*, at *1. And where there is not a question as to the enforceability of an arbitration agreement, the question of class arbitration is for the arbitrator to decide. *Id*., at *3.

Likewise, in *Yahoo*, the language of the arbitration agreement included: "I acknowledge and confirm the mutual agreement[4] that Yahoo! Inc...and I will resolve any employment-related disputes...by binding arbitration...as provided by the Federal Arbitration Act." *Yahoo*, at *1. Even though the language of the agreement included the singular personal pronoun "I" and did not expressly authorize class action arbitration, the Court nevertheless found that there was a genuine dispute as to whether the contract authorized class-wide arbitration. *Yahoo*, at *3. The Court also determined that this was a question for the arbitrator to decide. *Id*.

Petitioners' case is substantially similar to both *Vazquez* and *Yahoo*. While the arbitration agreement includes the singular personal pronoun "I", it neither expressly nor implicitly precludes class arbitration, and includes the term "all", which can be interpreted as encompassing class claims as well. Pursuant to the FAA, a valid arbitration agreement must be enforced. And following *Vazquez* and *Yahoo*, where there is a question as to the availability of class arbitration, a court-appointed neutral arbitrator will decide.

---

[4] Unlike DEM Enterprises' agreement, the agreement at issue in *Yahoo* mutually binds both parties, not just the employee. Such one-sided binding arbitration agreements are unconscionable. *See Samaniego v. Empire Today LLC*, 140 Cal.Rptr.3d 492, 500 (2012) (one-sided provisions in agreement, including lack of mutuality in regard to arbitration, constituted substantive unconscionability under California law). While Petitioners have stated they voluntarily entered into the arbitration agreement, this does not preclude them from raising an alternative claim of unconscionability based on lack of mutuality.

## IV. CONCLUSION

Because a valid arbitration agreement exists which does not preclude class arbitration, and because a genuine issue exists as to the parties' intent regarding class arbitration, Petitioners respectfully request that the Court GRANT Petitioners' Motion to Compel Arbitration and to Appoint a Neutral Arbitrator.

Dated:  August 10, 2012                          Respectfully submitted,

/s/ Michael S. Sorgen
Michael S. Sorgen
LAW OFFICES OF MICHAEL S. SORGEN

Richard A. Hoyer
HOYER & ASSOCIATES

Attorneys for Petitioners
THOMAS OKECHUKWU and BILLY E. WYBLE, JR.,
*and all others similarly situated*