1

2

3

4

5

6                       IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   THOMAS OKECHUKWU, et al.,

10          Petitioners,                              No. C 12-03654 JSW

11   v.

12   DEM ENTERPRISES, INC., et al.,              **ORDER GRANTING MOTION TO**
                                                  **COMPEL ARBITRATION**
13          Respondents.
    _____/

14

15          Now before the Court is the motion to compel arbitration filed by Petitioners Thomas

16   Okechukwu and Billy E. Wyble, Jr. ("Petitioners").  The Court finds this matter suitable for

17   disposition without oral argument and VACATES the hearing set for October 5, 2012.  *See*

18   N.D. Cal. Civ. L.R. 7-1(b).  Having carefully reviewed the parties' papers and considering their

19   arguments and the relevant authority, the Court grants Petitioners' motion to compel arbitration.

20                                  **BACKGROUND**

21          Petitioners filed a demand for class arbitration.  Respondent DEM Enterprises, Inc. d/b/a

22   ABC Chauffeured Limousines ("Respondent") contends that class-wide arbitration is not

23   permitted by the arbitration agreement and, therefore, has refused to participate in the

24   arbitration.  Neither party challenges the validity of the arbitration agreement or disputes that

25   the individual claims at issue are covered by the arbitration agreement.  Instead, the parties

26   dispute whether the arbitration provision allows for class arbitration and whether the Court or

27   the arbitrator should make that determination.  Petitioners contend that the arbitrator should

28   make that decision and now move to compel arbitration.

**United States District Court**
For the Northern District of California

The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

## ANALYSIS

**A.    Legal Standards Applicable to Motions to Compel Arbitration.**

Pursuant to the Federal Arbitration Act ("FAA"), arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Once the Court has determined that an arbitration agreement involves a transaction involving interstate commerce, thereby falling under the FAA, the Court's only role is to determine whether a valid arbitration agreement exists and whether the scope of the parties' dispute falls within that agreement. 9 U.S.C. § 4; *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000); *United Computer Systems v. AT&T Corp.*, 298 F.3d 756, 766 (9th Cir. 2002) ("Under § 4 of the FAA, a district court must issue an order compelling arbitration if the following two-pronged test is satisfied: (1) a valid agreement to arbitrate exists; and (2) that agreement encompasses the dispute at issue.").

The FAA represents the "liberal federal policy favoring arbitration agreements" and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Under the FAA, "once [the Court] is satisfied that an agreement for arbitration has been made and has not been honored," and the dispute falls within the scope of that agreement, the Court must order arbitration. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 400 (1967). The "central purpose of the [FAA is] to ensure that private agreements to arbitrate are enforced according to their terms." *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 53-54 (1995). The "preeminent concern of Congress in passing the [FAA] was to enforce private agreements into which parties had entered, a concern which requires that [courts] rigorously enforce agreements to arbitrate." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.* 473 U.S. 614, 925-26 (1985) (internal quotations omitted).

Although the Court can initially determine whether a valid agreement exists, disputes over the meaning of specific terms are matters for the arbitrator to decide. *Howsam v. Dean*

1   *Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002); *Prima Paint*, 388 U.S. at 403-04 (holding that "a

2   federal court may consider only issues relating to the making and performance of the agreement

3   to arbitrate").

4          As noted above, the parties in this case do not dispute that there are valid arbitration

5   agreements and that the Petitioners' individual claims fall within the scope of these arbitration

6   agreements.  Rather, the parties dispute whether the arbitration may proceed on a class-wide

7   basis and whether the Court or the arbitrator shall make this determination.  "Neither the

8   Supreme Court nor the Ninth Circuit has explained definitively when the availability of class-

9   wide arbitration might be a question for a court and when it might be a question for an

10  arbitrator." *Vazquez v. ServiceMaster Global Holding Inc.*, 2011 WL 2565574, *3 (N.D. Cal.

11  June 29, 2011).  A plurality in *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 452-53

12  (2003) opined that this question is a matter of contract interpretation and arbitration procedure

13  and, thus, therefore one for the arbitrator.  *See also id.* at 455 (Stevens, J., concurring in

14  judgment but agreeing only that the question is "[a]rguably" for the arbitrator).  However, the

15  Supreme Court clarified in *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S.Ct. 1758, 1772

16  (2010) that "*Bazzle* did not yield a majority decision" and that the question of whether the Court

17  or the arbitrator should make this determination remains open.

18         Despite the fact that *Bazzle* is not controlling, the "plurality's holding is still persuasive

19  and instructive." *Rame, LLC v. Popovich*, --- F. Supp. 2d ---, 2012 WL 2719159, *6 (S.D.N.Y

20  July 9, 2012) (finding that it was for the arbitrator to decide whether an arbitration agreement

21  permits class arbitration when the agreement does not contain express class arbitration

22  language).  In *Bazzle*, the plurality found that the arbitration agreement submitted all disputes,

23  claims or controversies arising from the contract and that the dispute about what the arbitration

24  contract means is a dispute relating to the contract.  *Id.*, 539 U.S. at 451.  Therefore, the

25  plurality determined that the "parties seemed to have agreed that an arbitrator, not a judge,

26  would answer the question" of whether the arbitration agreement allowed for class arbitration.

27  *Id.* at 452.  Moreover, the plurality noted that any doubt about the scope of arbitrable issues

28  should be resolved in favor of arbitration.  *Id.* (citing *Mitsubishi Motors*, 473 U.S. at 626).

**United States District Court**
For the Northern District of California

1  Although there are certain limited circumstances in which courts assume that the parties

2  intended courts, versus arbitrators, to decide a particular matter, such as whether the parties

3  have a valid arbitration agreement or whether the arbitration clause applies to a type of

4  controversy, the plurality found that the question of whether the contract forbids class

5  arbitration did not fall into this narrow exception.  *Id*.  The question of whether the contract

6  permits or forbids class arbitration is an issue of contract interpretation and arbitration

7  procedures, issues which arbitrators are well suited to address.  *Id*. at 453; *see also Vasquez*,

8  2011 WL 2565574 at *3 (holding that because the arbitration clause was enforceable

9  "regardless of whether it permits or precludes class certification[,]" the arbitrator should answer

10 the question of whether class arbitration is permitted).

11        The Court finds the reasoning of *Bazzle* persuasive.  Here, the language of the

12 arbitration provision appears to be slightly narrower than the arbitration provision at issue in

13 *Bazzle*.  The provision here provides that the individual employees "agree to settle all

14 employment disputes through arbitration... ."  Nevertheless, the Court still finds that the issue

15 of contract interpretation to determine whether the arbitration provision permits class arbitration

16 should be addressd by the arbitrator.

17        Additionally the Court finds Respondent's argument in support of its position is not

18 convincing.  Respondent argues that because, from its perspective, the agreement clearly

19 prohibits class-based arbitration, the Court should decide this issue.  However, the arbitration

20 agreement is not clear.  It is silent on the issue.  Based on the failure of the arbitration

21 agreement to expressly address this issue, it is not clear whether or not the agreement includes

22 an implied agreement to allow class arbitration.  Respondent does not even argue, let alone

23 provide supporting authority for the proposition, that this Court should interpret an ambiguous

24 arbitration provision and determine whether it permits class arbitration.  Accordingly, the Court

25 concludes that question of whether or not class arbitration is permitted is an issue for the

26 arbitrator to decide.  The Court therefore grants Petitioner's motion to compel arbitration.

27        However, the Court declines to appoint a neutral arbitrator.  This Order is without

28 prejudice to Petitioners renewing this request if, now that the Court has granted the motion to

1   compel arbitration, the parties are still unable to determine a method for appointing an

2   arbitrator.  The Court admonishes the parties to meet and confer and make a genuine effort to

3   reach an agreement on the method for appointing an arbitrator.

**CONCLUSION**

4

5          For the foregoing reasons, the Court GRANTS Petitioners' motion to compel arbitration.

6   However, despite the fact that Petitioners' demand for arbitration is one for class arbitration, the

7   Court has not determined whether the Petitioners may proceed individually or as a class in the

8   arbitration.  This issue is for the arbitrator to decide.

9          A separate judgment will issue.  The Court shall retain jurisdiction to address the issue

10  of selecting a neutral arbitrator if the parties are unable to reach an agreement.

11         **IT IS SO ORDERED.**

12

13  Dated: September 27, 2012                     

14                                                JEFFREY S. WHITE
                                                  UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California