IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS OKECHUKWU, et al., | |
| Petitioners, | No. C 12-03654 JSW |
| v. | |
| DEM ENTERPRISES, INC., et al., | **ORDER GRANTING MOTION TO COMPEL ARBITRATION** |
| Respondents. | |

Now before the Court is the motion to compel arbitration filed by Petitioners Thomas Okechukwu and Billy E. Wyble, Jr. ("Petitioners"). The Court finds this matter suitable for disposition without oral argument and VACATES the hearing set for October 5, 2012. *See* N.D. Cal. Civ. L.R. 7-1(b). Having carefully reviewed the parties' papers and considering their arguments and the relevant authority, the Court grants Petitioners' motion to compel arbitration.

**BACKGROUND**

Petitioners filed a demand for class arbitration. Respondent DEM Enterprises, Inc. d/b/a ABC Chauffeured Limousines ("Respondent") contends that class-wide arbitration is not permitted by the arbitration agreement and, therefore, has refused to participate in the arbitration. Neither party challenges the validity of the arbitration agreement or disputes that the individual claims at issue are covered by the arbitration agreement. Instead, the parties dispute whether the arbitration provision allows for class arbitration and whether the Court or the arbitrator should make that determination. Petitioners contend that the arbitrator should make that decision and now move to compel arbitration.

The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

## ANALYSIS

**A.     Legal Standards Applicable to Motions to Compel Arbitration.**

Pursuant to the Federal Arbitration Act ("FAA"), arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Once the Court has determined that an arbitration agreement involves a transaction involving interstate commerce, thereby falling under the FAA, the Court's only role is to determine whether a valid arbitration agreement exists and whether the scope of the parties' dispute falls within that agreement. 9 U.S.C. § 4; *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000); *United Computer Systems v. AT&T Corp.*, 298 F.3d 756, 766 (9th Cir. 2002) ("Under § 4 of the FAA, a district court must issue an order compelling arbitration if the following two-pronged test is satisfied: (1) a valid agreement to arbitrate exists; and (2) that agreement encompasses the dispute at issue.").

The FAA represents the "liberal federal policy favoring arbitration agreements" and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Under the FAA, "once [the Court] is satisfied that an agreement for arbitration has been made and has not been honored," and the dispute falls within the scope of that agreement, the Court must order arbitration. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 400 (1967). The "central purpose of the [FAA is] to ensure that private agreements to arbitrate are enforced according to their terms." *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 53-54 (1995). The "preeminent concern of Congress in passing the [FAA] was to enforce private agreements into which parties had entered, a concern which requires that [courts] rigorously enforce agreements to arbitrate." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.* 473 U.S. 614, 925-26 (1985) (internal quotations omitted).

Although the Court can initially determine whether a valid agreement exists, disputes over the meaning of specific terms are matters for the arbitrator to decide. *Howsam v. Dean*

1  *Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002); *Prima Paint*, 388 U.S. at 403-04 (holding that "a
2  federal court may consider only issues relating to the making and performance of the agreement
3  to arbitrate").

4  As noted above, the parties in this case do not dispute that there are valid arbitration
5  agreements and that the Petitioners' individual claims fall within the scope of these arbitration
6  agreements. Rather, the parties dispute whether the arbitration may proceed on a class-wide
7  basis and whether the Court or the arbitrator shall make this determination. "Neither the
8  Supreme Court nor the Ninth Circuit has explained definitively when the availability of class-
9  wide arbitration might be a question for a court and when it might be a question for an
10 arbitrator." *Vazquez v. ServiceMaster Global Holding Inc.*, 2011 WL 2565574, *3 (N.D. Cal.
11 June 29, 2011). A plurality in *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 452-53
12 (2003) opined that this question is a matter of contract interpretation and arbitration procedure
13 and, thus, therefore one for the arbitrator. *See also id.* at 455 (Stevens, J., concurring in
14 judgment but agreeing only that the question is "[a]rguably" for the arbitrator). However, the
15 Supreme Court clarified in *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S.Ct. 1758, 1772
16 (2010) that "*Bazzle* did not yield a majority decision" and that the question of whether the Court
17 or the arbitrator should make this determination remains open.

18 Despite the fact that *Bazzle* is not controlling, the "plurality's holding is still persuasive
19 and instructive." *Rame, LLC v. Popovich*, --- F. Supp. 2d ---, 2012 WL 2719159, *6 (S.D.N.Y
20 July 9, 2012) (finding that it was for the arbitrator to decide whether an arbitration agreement
21 permits class arbitration when the agreement does not contain express class arbitration
22 language). In *Bazzle*, the plurality found that the arbitration agreement submitted all disputes,
23 claims or controversies arising from the contract and that the dispute about what the arbitration
24 contract means is a dispute relating to the contract. *Id*., 539 U.S. at 451. Therefore, the
25 plurality determined that the "parties seemed to have agreed that an arbitrator, not a judge,
26 would answer the question" of whether the arbitration agreement allowed for class arbitration.
27 *Id*. at 452. Moreover, the plurality noted that any doubt about the scope of arbitrable issues
28 should be resolved in favor of arbitration. *Id*. (citing *Mitsubishi Motors*, 473 U.S. at 626).

3

1  Although there are certain limited circumstances in which courts assume that the parties
2  intended courts, versus arbitrators, to decide a particular matter, such as whether the parties
3  have a valid arbitration agreement or whether the arbitration clause applies to a type of
4  controversy, the plurality found that the question of whether the contract forbids class
5  arbitration did not fall into this narrow exception. *Id*. The question of whether the contract
6  permits or forbids class arbitration is an issue of contract interpretation and arbitration
7  procedures, issues which arbitrators are well suited to address. *Id*. at 453; *see also Vasquez*,
8  2011 WL 2565574 at *3 (holding that because the arbitration clause was enforceable
9  "regardless of whether it permits or precludes class certification[,]" the arbitrator should answer
10 the question of whether class arbitration is permitted).

11  The Court finds the reasoning of *Bazzle* persuasive. Here, the language of the
12 arbitration provision appears to be slightly narrower than the arbitration provision at issue in
13 *Bazzle*. The provision here provides that the individual employees "agree to settle all
14 employment disputes through arbitration... ." Nevertheless, the Court still finds that the issue
15 of contract interpretation to determine whether the arbitration provision permits class arbitration
16 should be addressd by the arbitrator.

17  Additionally the Court finds Respondent's argument in support of its position is not
18 convincing. Respondent argues that because, from its perspective, the agreement clearly
19 prohibits class-based arbitration, the Court should decide this issue. However, the arbitration
20 agreement is not clear. It is silent on the issue. Based on the failure of the arbitration
21 agreement to expressly address this issue, it is not clear whether or not the agreement includes
22 an implied agreement to allow class arbitration. Respondent does not even argue, let alone
23 provide supporting authority for the proposition, that this Court should interpret an ambiguous
24 arbitration provision and determine whether it permits class arbitration. Accordingly, the Court
25 concludes that question of whether or not class arbitration is permitted is an issue for the
26 arbitrator to decide. The Court therefore grants Petitioner's motion to compel arbitration.

27  However, the Court declines to appoint a neutral arbitrator. This Order is without
28 prejudice to Petitioners renewing this request if, now that the Court has granted the motion to

4

compel arbitration, the parties are still unable to determine a method for appointing an arbitrator. The Court admonishes the parties to meet and confer and make a genuine effort to reach an agreement on the method for appointing an arbitrator.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Petitioners' motion to compel arbitration. However, despite the fact that Petitioners' demand for arbitration is one for class arbitration, the Court has not determined whether the Petitioners may proceed individually or as a class in the arbitration. This issue is for the arbitrator to decide.

A separate judgment will issue. The Court shall retain jurisdiction to address the issue of selecting a neutral arbitrator if the parties are unable to reach an agreement.

**IT IS SO ORDERED.**

Dated: September 27, 2012


JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5